**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

ANGELA MOORE et al.,

    Plaintiffs,

    v.

NATIONAL TIRE & BATTERY (NTB),

    Defendant.

Civil Action No. 13-cv-01779 AW

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion to Dismiss. The Court has carefully reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case sounds in employment discrimination. Plaintiffs Everlina Jackson (Jackson) and Angela Moore (Moore) are Maryland residents. Jackson and Moore used to work for Defendant National Tire & Battery (Defendant). Although Plaintiffs do not allege their race or sex, the Court's understanding is that they are African-American females.

In October 2008, Jackson applied for an assistant manager position. Defendant allegedly did not select her for the position and made her train other people for it.

Jackson also alleges that she "bases her claims for discrimination upon the facts underlying retaliation." Doc. No. 1 ¶ 9. In this connection, Jackson alleges that Defendant would not allow her to return to work after she took FMLA leave in March 2010. Jackson does not allege any further facts regarding Defendant's purported retaliation.

For her part, Moore alleges that Defendant subjected her to sexual and racial harassment from July 2009 to January 2010. In Moore's words, Defendant based the harassment on her "dress, hair style, [and] other items of appearance." *Id.* ¶ 13. Moore adds that she "was not promoted and was given unequal work schedules by the Defendant . . . ." *Id.* ¶ 17. Moore alleges no further facts to support her claims.

On January 19, 2013, based on these meager allegations, Plaintiffs lodged their Complaint. On September 16, 2013, Defendant filed a Motion to Dismiss. Doc. No. 10. Plaintiffs' response was due by October 3, 2013. Although this date has passed, Plaintiffs have yet to respond.

## II.     STANDARD OF REVIEW

### A.     Rule 12(b)(1)

Generally, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) (citation omitted). "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) . . . ." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted); *Puryear v. Shrader*, Civil No. PJM 11–3640, 2013 WL 1833262, at *1 (D. Md. Apr. 30, 2013) (citation omitted). "[I]f the governmental entity challenges jurisdiction under Rule 12(b)(1) . . . the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603–04 (D. Md. 2012) (alteration in original) (citation and internal quotations marks omitted); *see also Bennett v. Kaiser Permanente*, Civil Action No. 10–CV–2505 AW, 2013 WL 1149920, at *2–3 (D. Md. Mar. 20, 2013)

(citation omitted) ("Courts may consider materials outside the pleadings to determine whether they have subject matter jurisdiction.").

**B.      Rule 12(b)(6)**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. LEGAL ANALYSIS

### A. Jackson's Claims

Jackson asserts a discrimination claim based on the failure to promote. Jackson also asserts a retaliation claim. Both of these claims fail as a matter of law.

Jackson failed to exhaust administrative remedies with respect to her discrimination claim. Jackson predicates this claim on acts that occurred in October 2008. In deferral states like Maryland, plaintiffs must file a charge of discrimination within three hundred days of the allegedly discriminatory acts. *See* 42 § U.S.C. 2000e-5(e)(1); *see also* 29 C.F.R. § 1601.74 (listing Maryland as a deferral state). Here, however, Jackson did not file her charge until nearly June 2010. *See* Doc. No. 10-2 at 2. As June 2010 falls 1.75 years after October 2008, Jackson's failure-to-promote claim is time-barred.

Furthermore, this claim would fail even if it were not time-barred. To make out a prima facie case of racial discrimination in the failure to promote, Jackson must show that (1) she is a member of a protected group, (2) she applied for the promotion, (3) she was qualified for the promotion, and (4) Defendant failed to promote her under circumstances that give rise to an inference of unlawful discrimination. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005) (citations omitted). As to prong (3), Jackson's scant allegations fail to sustain a plausible inference that she was qualified for the position in question. Even if they did, Jackson's allegations still fail to sustain a plausible inference that Defendant failed to promote Jackson for discriminatory reasons. Jackson does not allege the race, sex, or qualifications of the people who received the position in question and, thus, fails to identify any comparators. Nor are there any allegations of racial remarks, underrepresentation of African Americans, "me too" evidence, or any other allegations from which one could plausibly infer

impermissible animus. *See Chan v. Montgomery County, Md.*, Civil Action No. 8:12–cv–01735–AW, 2013 WL 1773574, at *4 (D. Md. Apr. 24, 2013) (discussing the categories of evidence probative of discrimination claims). Accordingly, Jackson's discrimination claim fails as a matter of law.

Jackson's retaliation also fails as a matter of law. To establish her prima facie case of retaliation, Jackson must show that she engaged in protected activity, that Defendant took adverse action against her, and that a causal relationship existed between the protected activity and the adverse employment activity. *See King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003). "An employee may satisfy the first element by showing that she opposed a practice that Title VII prohibits." *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 616–17 (D. Md. 2009)). "One court has defined opposition as 'utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Id.* (quoting *Davis*, 639 F. Supp. 2d at 617). "For such activity to constitute opposition, the plaintiff must have a reasonable and good faith belief that the conduct that she opposes constitutes unlawful discrimination under Title VII." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001)). Alternatively, "it is unlawful 'for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'"*Breeden*, 532 U.S. at 269 (alteration in original) (quoting 42 U.S.C. § 2000e–3(a)).

In this case, although Jackson essentially alleges that she was fired in March 2010, she does not allege that she engaged in any protected activity that led to her termination. Jackson does not allege that she informed Defendant that she believed its conduct violated Title VII.

Even had she done so, no allegations support the inference that she would have had a reasonable belief of any violations. For similar reasons, Jackson has not adequately alleged the element of causation.

Although Jackson makes no such argument, she might respond that her apparent termination was for taking FMLA leave. However, taking FMLA leave is not protected activity within the meaning of Title VII; it has nothing to do with whether an employee has a reasonable belief that the employer is violating her (or someone else's) rights under Title VII or has participated in a proceeding under Title VII. Furthermore, although Jackson might try to assert a standalone FMLA claim, her allegations make it clear that she is asserting only Title VII claims. *See* Doc. No. 1 at 1 ("This is a civil rights action . . . based on violations of Title VII . . . ."); *id.* at 2 (Jackson's alleging "[v]iolations of [Title VII]").[1] For these reasons, Jackson's retaliation claim fails as a matter of law.

**B.     Moore's Claims**

Moore, for her part, asserts a hostile work environment claim based on race and sex. To make out a hostile work environment claim based on race or sex, a plaintiff must show that the offending conduct (1) was unwelcome, (2) was because of her race or sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, and (4) was imputable to her employer. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 331 (4th Cir. 2011) (citation omitted).

In this case, Moore's allegations are too scant and transparent to support a plausible inference that she could satisfy these elements. Moore simply alleges that Defendant harassed her based on her dress, hair style, and other items of appearance. These allegations, which are

---

[1] Even if the Court construed Jackson's retaliation claim as an FMLA claim, it would fail for the reasons stated in Defendant's Motion to Dismiss. *See* Doc. No. 10-1 at 7 n.1. Plaintiffs' allegations are too sparse and vague to support a federal cause of action.

unaccompanied by factual enhancements, do not support a plausible inference that the harassment owed to Moore's race or sex. Indeed, the allegations are equally, if not more, amenable to the inference that Moore took umbrage with Defendant's grooming requirements. However, reasonable grooming policies that are not grounded in sex- or race-stereotyping usually do not violate Title VII. *See Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1113 (9th Cir. 2006); *see also Earwood v. Cont'l Se. Lines, Inc.*, 539 F.2d 1349, 1351 (4th Cir. 1976) (citation omitted) ("[D]iscrimination based on factors of personal preference does not necessarily restrict employment opportunities and thus is not forbidden."). Moore's only other pertinent allegation is that she "was not promoted and was given unequal work schedules by the Defendant . . . ." "This is a conclusory factual assertion devoid of any reference to actual events that warrants no weight." *Malry v. Montgomery County Pub. Schs.*, Civil Action No. 8:11–cv–00361–AW, 2013 WL 812020, at *2 (D. Md. Mar. 4, 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). Accordingly, Moore's hostile work environment claim fails as a matter of law.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order follows.

| October 9, 2013 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr.<br>United States District Judge |

---

[2] Defendant asserts in its Motion to Dismiss that Plaintiffs have purported to state claims for intentional infliction of emotional distress. Although the Court respects Defendant's thoroughness, the Court has carefully reviewed the Complaint and concludes that Plaintiffs have asserted no such claims. Furthermore, even had they, the claims would not have been cognizable. *Cf. Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992) (citations omitted) ("[T]he tort [of IIED] is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct."). Plaintiffs have not even alleged a basis for respondeat superior liability.